Melón Hnos. & Co., S. en C., Plaintiff and Appellee, v. R. Muñiz de León & Co., S. en C., Defendant; José R. Villamil, Intervenor and Appellant.

No. 7591. Argued December 21, 1938.—Decided January 30, 1939.

172

*F. M. Susoni, Jr.,* attorney for the appellant. *Angel A. Vázquez,* attorney for the appellee.

Mr. Justice Travieso delivered the opinion of the Court.

The antecedents of this case are set forth in the opinion rendered by this Court in the case of *Melón Hnos., & Co.* v. *R. Muñiz, etc.,* and *Villamil, Int.,* 49 P.R.R.____, from which the following is copied so that the questions to be decided now may be more clearly understood:

"Melón Hnos. & Co. S. en C., brought an action of debt against R. Muñiz de León and moved for a writ of attachment which was issued against property of the defendant. On December 13, 1933, in compliance therewith, the marshal attached property of R. Muñiz de León & Co., S. en C., as if it belonged to R. Muñiz de León.

"Three days after the levying of the attachment, the plaintiff, with leave of the district court, filed an amended complaint wherein R. Muñiz de León & Co., S. en C., was made a party defendant because there had been a mistake in suing R. Muñiz de León. Some time afterwards the firm R. Muñiz de León & Co., S· en C., which had been served an alias summons, moved to vacate the attachment because it had been made in an action brought against R. Muñiz de León and not against the said partnership, which is a different juridical entity. The lower court overruled the motion of the defendant to vacate the attachment. Said ruling was later on reversed by this Supreme Court. *Melón Hnos. & Co., S. en C.* v. *Muñiz de León,* 47 P.R.R.——.

"While the appeal was being prosecuted, the suit against R. Muñiz de León & Co., S. en C., continued in the district court to its end. The perishable property under attachment was sold, and the proceeds of the sale amounted to $703.02 which were deposited in

the office of the clerk of the District Court of San Juan. Said property was also attached on December 21, 1932 by José R. Villamil, who had sued the said partnership R. Muñiz de León & Co., S. en C., before the District Court of Arecibo. Afterwards, when the property was sold and the proceeds thereof deposited in the office of the Clerk of the District Court of San Juan, Villamil moved for, and obtained on October 13, 1933, a new order forbidding the clerk of the District Court of San Juan from conveying or disposing of the proceeds of the sale of said property.

"When the judgment obtained by Melón Hnos. & Co., S. en C., against the said partnership became final the plaintiff requested that the amount deposited in the clerk's office be delivered to it. The court denied the request because the property had also been attached by José R. Villamil. Then Melón Hnos. & Co., S. en C., prayed that Villamil be summoned to show cause why the money should not be delivered to the said partnership. The court did so, and stating that the record did not show any objection from Villamil, it ordered the clerk to deliver the sum of $728.47, which he kept as the proceeds of the property of the defendant attached to secure the effectiveness of the judgment and which was also attached by José R. Villamil. Although the court states that the record does not show the appearance of Villamil, the truth is that he appeared by motion objecting to the delivery of the money.

"When this Supreme Court delivered its judgment dissolving the attachment levied upon property of R. Muñiz de León & Co., S. en C., before being a party defendant, Villamil moved the court to order Melón Hnos. & Co., S. en C., to deposit immediately in the clerk's office the money delivered to it with a warning that it would be punished for contempt should it fail to do so. The said partnership objected to the motion, moving to strike it out, because Villamil was not a party to the suit and he had no right to intervene and obtain the remedy moved for. The court ordered that the said partnership be immediately required to return and deposit in the clerk's office the sum of $728.47 delivered to it by judicial order without any excuse whatsoever, with a warning that it would be punished for contempt should it fail to do so. The aggrieved party has taken the present appeal against said order.

"The appellant calls our attention to the fact that Valentín Polanco de Jesús, counsel for R. Muñiz de León & Co., S. en C., is the person who appears suing this partnership and attaching its property in behalf of José R. Villamil, to collect the sum of $1,500 as principal, with interest thereon. Attorney Polanco, in the name of Vi-

llamil, levies an attachment on the same property of R. Muñiz de
León & Co., S. en C., which eight days before had been attached
by Melón Hnos. & Co., S. en C., in the action against R. Muñiz de
León. And it is also true that Polanco, attorney for R. Muñiz de
León & Co., S. en C., in the action brought against said firm by Melón
Hnos. & Co., S. en C., appears at the same time for José R. Villamil
in the suit brought by the latter against the said partnership R. Muñiz
de León & Co, S. en C., which ended in a judgment by default.
These facts, together with the circumstances of this case, raise a
question of professional ethics which we do not want to let go by
without expressing our disapproval and our reproach.''

These are the findings of fact in that opinion which served
as basis for this Supreme Court to affirm on March 18, 1936,
the decision appealed from.

Later, i. e. on April 23, 1936, José R. Villamil requested
the District Court of San Juan to issue an order to the clerk
so that this official might proceed to carry out the said judg-
ment of March 18, 1936, requiring the partnership Melón
Hnos. & Co., S. en C., to return and deposit in the clerk's
office of said court the amount of $728.47 which was delivered
to it by virtue of a judicial decision. On April 30, 1936, it
was so ordered. On May 7 of that same year the partner-
ship Melón Hnos. & Co., S. en C., requested time to set forth
the reasons it had why it should not be forced to deposit in
the clerk's office the amount of $748.47. The court denied
this petition by an order rendered on the same date and based
its holding on the fact that it could not grant any motion
until the said partnership had complied with the order of
April 30, 1936, *supra.* Two days later, on May 9, 1936, Me-
lón Hnos. asked for permission to file a motion to reconsider
the order rendered on April 30, 1936 (supra) so that said
order be suspended until the motion to reconsider was de-
cided, and so that the intervenor José R. Villamil should be
guaranteed that the deposit would be made if the reconside-
ration was definitely dismissed, it also filed for the approval
of the court a bond in the sum of $748.47. On May 9, 1936,
the court granted the motion. On the following May 28 Me-

lón Hnos. filed a 'motion entitled "Showing cause", wherein it alleged under oath the reason that it had, not to make the deposit and also for the reconsideration of the order of April 30, 1936. The lower court sums them up as follows:

"(1) That the complainant has at no time received from the clerk of this court $728.47, but has received $703.02.

"(2) That since before José R. Villamil filed his motions for deposit the complainant has not had in its possession the said $703.02 because they were delivered entirely to the local corporation called 'Asociación de Comerciantes Mayoristas, Inc.,' of which the complainant and other commercial partnerships that are creditors of the defendant R. Muñiz de León & Co., S. en C., are members, in order that the amount should be distributed, as it was, in accordance with the regulations of said association, among the different associated creditors of the defendant. The distribution of such money was made by said Association on June 25, 1934, in the following proportion:

"The partnership Cividanes Sobrino & Co., to whom the defendant owed $312.02, was paid the sum of_____ $124. 25

"The partnership Rodríguez Ante & Co.. to whom the defendant owed $48.89, was paid the sum of_____ 19. 47

"The partnership Juan Cabrer, Inc., to whom the defendant owed $42.84, was paid the sum of_____. 17. 06

"The partnership The Royal Hat Co., to whom the defendant owed $22.44, was paid the sum of_____ 8. 94

"The complainant partnership Melón Hnos. & Co.. S. en C., to whom the defendant owed $660.30, was paid the amount of_____ 262. 95

"Paid for costs and attorney's fees of the complainant 270. 35

"Total_____ $703. 02

"(3) That the attachment of the $728.47 which was the object of this incident made by José R. Villamil in civil suit No. 13,604 of the District Court of Arecibo is null because it was made in executing a judgment which is also null and which was rendered in default and without jurisdiction.

"(4) Because the complaint filed by José R. Villamil against R. Muñiz de León & Co., S. en C., is false, simulated and fraudulent and filed for the only reason of prejudicing the herein complainant Melón Hnos. & Co., S. en C.

On November 9, 1936, the court declared that the reasons set forth in said motion were justified and therefore decided to reconsider its order of April 30, 1936, leaving it without any force or effect. José R. Villamil appealed.

Notwithstanding our express disapproval and censure of the lack of professional ethics involved in the fact that the attorney of the debtor and defendant partnership is the same who filed a complaint against said partnership in the name of José R. Villamil and attached the goods of the former a few days after the attachment of the goods of Melón Hnos. & Co., the attorney for the intervenor and appellant in the present appeal, whom we presume knows all the antecedents of this case, incurs in the same lack of professional ethics, which we can not overlook without stating that such an action is reproachable and should be censured. In the appeal No. 6332, *Melón Hnos. & Co., S. en C., v. R. Muñiz de León,* 47 P.R.R._____, attorney Francisco M. Susoni, Jr., appeared representing the defendant, member of the partnership R. Muñiz de León & Co., S. en C., to request the annulment of the first attachment made by Melón Hnos. & Co. In the appeal No. 6795, *Melón Hnos. & Co. v. R. Muñiz de León & Co.* and *José R. Villamil, intervenor* who made the second attachment, the attorney Susoni represented the defendant partnership and the attorney J. J. Fuertes the intervenor and appellee. See 49 P.R.R._____. In the present case the notice of appeal appears signed by attorney Antonio Lens in the name of and representing the intervenor José R. Villamil, and F. M. Susoni, Jr., notified as attorney of R. Muñiz de León & Co., S. en C. Notwithstanding this the judgment roll is certified by F. M. Susoni, Jr., as attorney for José R. Villamil and the brief is also signed by F. M. Susoni, Jr., as attorney for the intervenor and appellant José R. Villamil.

It was undoubtedly that practice, which we have censured and which we advise the legal profession to abandon, that influenced the mind of the trial Judge who, looking only into the moral aspect of the matter and interpreting as proof of

a confabulation between the debtor partnership and the intervening creditor the fact that both were represented by the same attorney, stated in its judgment appealed from the following:

"The appearing party presented documental and testimonial evidence which we will not analyze for reasons that we do not wish to set forth in this order, but evidence which we have considered entirely creditable and from which it appears that the complainant was not only acting on good faith but also the reasons for which this court should not compel it to deposit the sum of $728.47 to which our order of April 30, 1936, refers.

"Therefore, this court declares that the reasons alleged by the complainant so as not to be compelled to deposit the money are justified, since this court can not see how it can grant and consider legitimate a claim so suspiciously lacking in good faith and honesty and, therefore, we reconsider the said order, leaving it without force or effect; but reserving to J. R. Villamil, or José R. Villamil, or Dr. J. R. Villamil, any right that he may have to file an ordinary suit or any cause of action that he may have, in whatever form or manner he may deem convenient.

Even if we were able to examine the evidence that the trial judge analyzed and had before him—which is impossible due to the fact that the transcript of the evidence was not filed in this court—we would not do so, because we are convinced that the judgment appealed from should be reversed having been rendered without jurisdiction.

The judgments rendered by this Supreme Court, affirming or reversing those of the district courts, can only be appealed from to the Circuit Court in the cases specified in the Federal statute referring to such matter. Once the mandate has been sent from this Supreme Court to the lower court, the latter again acquires jurisdiction of the case but for the sole purpose of executing the judgment and complying with the mandate of this higher tribunal. The lower court has no power to re-open the case nor to reconsider, amend or stay the execution of a final and definite judgment of this court. If this were possible, all suits would be interminable and the

judgments of the highest insular court would never have the force of *res adjudicata*.

The judgment rendered by this Court on November 27, 1935, affirming the order rendered by the District Court of San Juan on July 9, 1934 (see 49 P.R.R.____) is a final and definite judgment. It was the duty of the lower court to comply with it, compelling the complainant Melón Hnos. & Co. to return to the clerk of the district court the exact amount that had been delivered to it as a result of the judicial sale of the goods of R. Muñiz de León & Co.

For the aforesaid reasons the judgment appealed from should be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion and without prejudicing any right that the creditor partnership Melón Hnos. & Co., S. en C., may have to file any suits or proceedings which it may deem proper to establish its alleged right to the fund once said fund is again placed *in custodia legis*.

Messrs. Chief Justice Del Toro and Associate Justice De Jesús took no part in the decision of this case.